UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

ANTHONY EDWARDS AND MARVIN
MINNEY, JR.,

        Plaintiffs,

    v.

WELLS FARGO BANK NATIONAL
ASSOCIATION, WELLS FARGO HOME
MORTGAGE, KELLEY CHRISTINE
BUTIKOFER, JASON P. BRUMM,
WANDA MOODY, SAMUEL C.
SHELLEY, SANDRA LONG, and GBG
PROPERTIES, LLC,

        Defendants.

_____

Civil No. 19-14409

**ORDER TO SHOW CAUSE**

**<u>HILLMAN</u>**, District Judge

    WHEREAS on June 27, 2019, an initial complaint was filed in this action by Plaintiffs Anthony Edwards and Marvin Minney, Jr.,[1] by and through counsel Joshua Louis Thomas of Joshua L. Thomas & Associates; and

    WHEREAS on January 22, 2020, Edwards wrote this Court expressing that he had only recently learned of this action, that the filing of this action in his name "has not been approved[,]" that he has never met or spoken with Thomas, and

---

[1] The Court notes that Thomas has represented to the Court, in a motion to file an amended complaint, that Minney passed away in October of 2019.  Minney's estate has not substituted in as the proper party in interest, <u>see</u> Fed. R. Civ. P. 25(a)(1).

that he never authorized Thomas to represent him in this action (ECF No. 6); and

WHEREAS such accusations are serious in nature.  If Thomas filed this action on Edwards' behalf without his authorization to do so, such conduct would violate applicable Rules of Professional Conduct, the Local Civil Rules, and other binding authority; and

WHEREAS such accusations, if true, would suggest the need for this Court to consider whether appropriate disciplinary action should be taken; and

WHEREAS "the District Court of New Jersey, like all federal courts, has the power both to prescribe requirements for admission to practice before that court and to discipline attorneys who have been admitted to practice before that court." In re Abrams, 521 F.2d 1094, 1099 (3d Cir. 1975), cert. denied, 423 U.S. 1038, 96 S. Ct. 574, 46 L. Ed. 2d 413 (1975) (citing Ex parte Robinson, 86 U.S. (19 Wall.) 505, 512, 22 L. Ed. 205 (1873); Ex parte Garland, 71 U.S. (4 Wall.) 333, 378-79, 18 L. Ed. 366 (1866); Ex parte Secombe, 60 U.S. (19 How.) 9, 13, 15 L. Ed. 565 (1859); Rodgers v. United States Steel Corp., 508 F.2d 152, 163 (3d Cir. 1975); see U.S. CONST. art. III, § 1; 28 U.S.C. § 2071; Fed. R. Civ. P. 83); and

WHEREAS Local Civil Rule 104.1 addresses disciplinary actions before this Court; and

2

WHEREAS Local Civil Rule 104.1(e) explains that "[e]very attorney authorized to practice law or appearing before this Court, including those specially authorized for a limited purpose or in connection with a particular proceeding pursuant to L. Civ. R. 101.1, shall be subject to the disciplinary jurisdiction of this Court" L. Civ. R. 104.1(e)(1); and

WHEREAS Local Civil Rule 104.1(e) further explains "[w]hen misconduct or allegations of misconduct which, if substantiated, would warrant discipline of an attorney, shall come to the attention of a Judge of this Court, and the applicable procedure is not otherwise mandated by these Rules, that Judge shall refer the matter in writing to the Chief Judge.  The Chief Judge may refer the matter to the appropriate State disciplinary body or, if the Chief Judge concludes that further investigation is warranted, he or she shall direct the Clerk to refer the matter to an attorney ('investigating counsel') who is admitted to practice before this Court to conduct such an investigation in order to determine whether a formal order to show cause should issue."  L. Civ. R. 104.1(e)(2); and

WHEREAS based upon Edwards' representations, this Court Orders Thomas to show cause why the Court should not refer this matter to the Chief Judge for consideration as to whether disciplinary proceedings should commence;

THEREFORE,

IT IS on this __29th__ day of __January__, 2020

**ORDERED** that counsel Joshua Louis Thomas of Joshua L. Thomas & Associates shall show cause, within fifteen (15) days of this Order, as to why this matter should not be referred to the Chief Judge for consideration as to the appropriateness of disciplinary action pursuant to Local Civil Rule 104.1(e). Failure to respond to this Order in a timely manner will result in this matter being referred to the Chief Judge pursuant to our Local Civil Rules; and it is further

**ORDERED** that the Clerk shall serve copies of this Order upon all Plaintiffs via regular mail.

At Camden, New Jersey

_s/ Noel L. Hillman_____
NOEL L. HILLMAN, U.S.D.J.

4