**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTHONY EDWARDS AND MARVIN MINNEY, JR. | CIVIL ACTION NO. 19-14409 |
| Plaintiff, | *Civil Action* |
| v. | |
| WELLS FARGO BANK NATIONAL ASSOCIATION, et al., | |
| Defendants. | |

**RESPONSE TO ORDER TO SHOW CAUSE**

1. I initially got involved with this case in the Foreclosure matter at docket F-032559-16, WELLS FARGO BANK, N.A. v. ANTHONY EDWARDS, et al.

2. That case was filed on December 6, 2016.

3. The court still entered a final order against Mr. Edwards and Mr. Minney on April 12, 2017.

4. The parties had a short sale approved and had closing.

5. The purchaser took money from their 401(k) and brought the 401k check to closing and thought they could endorse the check.

6. They needed to bring certified funds to closing.

7. Mr. Minney's cousin was buying the home for him.

8. He paid rent for several years.

9. Mr. Minney had the house customized for himself because he recently had hip surgery and had to expand the bathroom and he had a daughter in high school and a large dog.

1

10. The closing was scheduled late on January 15, 2019 and Wells Fargo was aware of this.

11. Mr. Minney had advised Plaintiff that monies would be forwarded on January 16th due to the late closing.

12. Mr. Minney and/or his representative called Plaintiff and were told they could not send the money because the loan was cancelled.

13. At the time the closing was scheduled, they were still within the 90 days window of the last HUD approval so they could get an extension from HUD.

14. Wells Fargo had scheduled a sheriff sale within 30 days of the closing and because of that Mr. Minney could not get title insurance on the loan.

15. In December, 2018 Mr. Minney and purchasers expressed this issue to Wells Fargo's representative and Wells Fargo's representative stated that the sheriff sale would be greater than 30 days from the approval and that is not the case.

16. Mr. Minney had been advised by Wells Fargo that the file was not in a foreclosure status.

17. Wells Fargo wanted $66,000 to Close and would have that money available by March 25, 2019.

18. The manager who was suppose to get the HUD extension was on vacation the week of March 13, 2019 and Wells Fargo would not extend the closing without speaking to him.

19. The property sold at sheriff sale on March 14, 2019 even with this pending.

20. This sale was in bad faith, as these negotiations were still pending.

21. At the time I got involved with the case, I made it very clear to the court, that I was **only** representing the interests of Marvin Minney (who has since become deceased) and that Mr. Edwards was improperly included in this case, as he had no interest in the property.

22. I filed a motion to set aside, and argued the above facts, but it was denied on April 12, 2019.

23. The court made clear that Mr. Edwards was to stay on as a defendant during that proceeding, and that it would not re-open the judgment because he was included improperly.

24. Another case, this time docket Bur-DC-5350-19 Bur-DC-5350-19, GBG Properties v. Anthony Edwards was filed to evict the individuals in the property, specifically Mr. Marvin Minney, from the property.

25. Once again, in that case, I only represented Mr. Minney.

26. This was again made clear to the court in a very contested matter.

27. At no time in either case did I claim to represent Mr. Edwards, nor did I ever enter into an agreement with him.

28. As the court is aware, the Entire Controversy Doctrine (ECD) 'is an equitable doctrine that is based on "the principle that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy."' Cogdell v. Hosp. Center at Orange, 116 N.J. 7 (1989).

29. The ECD is an equitable doctrine and its objectives are to encourage comprehensive and conclusive litigation determinations, to avoid fragmentation of litigation, and to promote party fairness and judicial economy and efficiency. K-Land Corp. No. 28 v. Landis Sewerage Auth., 800 A.2d 861 (N.J. 2002). \

30. In this case, Mr. Edwards had to be included because of his being named in the Foreclosure and Eviction matter, and the court instructed that he was to remain a party, and that we would be lacking all parties, if he was not included pursuant to the ECD.

31. Per conversations with Mr. Minney, prior to passing and his representatives, it was stated he had made this clear to Mr. Edwards, and that he was to be included in this action.

32. After this action was filed, Mr. Minney past away.

33. Further, at this time, the estate of Marvin Minney still has not indicated if they even want to try to continue to pursue this case.

34. Based on his representations, it is clear that Mr. Edwards does not want to proceed with the case either.

35. Neither I, nor anyone else to my knowledge, has ever filed a bankruptcy case for Mr. Edwards.

36. The only Bankruptcies in this state for "Anthony Edwards" are: 97-38215-KCF, 97-38215-KCF , 04-33890-RTL , and 05-17265-JHW all of which were filed before I was an attorney, or even out of college.

37. As for communications, they were through either Mr. Minney or one if his representatives, such as Mr. Barksdale.

38. As for the other allegations regarding Mr. Edwards and Mr. Barksdale, I do not have personal knowledge to those matters.

Dated: February 13, 2020                 ___/s/ Joshua Thomas_____
                                         Joshua L. Thomas, Esq.
                                         225 Wilmington-West Chester Pike Suite 200
                                         Chadds Ford, PA 19317
                                         Phone: 215-806-1733
                                         Fax: 888-314-8910
                                         Email: JoshuaLThomas@gmail.com
                                         Atty ID# 003992012

4