**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

ANTHONY EDWARDS and MARVIN
MINNEY, JR.,

               Plaintiffs,

     v.

WELLS FARGO BANK NATIONAL
ASSOCIATION, WELLS FARGO HOME
MORTGAGE, KELLEY CHRISTINE
BUTIKOFER, JASON P. BRUMM,
WANDA MOODY, SAMUEL C.
SHELLEY, SANDRA LONG, and GBG
PROPERTIES, LLC,

               Defendants.

Civil No. 19-14409

**ORDER TO SHOW CAUSE**

---

**HILLMAN**, District Judge

    WHEREAS on May 13, 2020, this Court received a compact disk of unknown origin and containing unknown contents from counsel for Plaintiffs, Joshua Louis Thomas, Esq. (the "May 13 Disk"); and

    WHEREAS counsel did not include a cover letter or other explanation of what information the May 13 Disk may contain; and

    WHEREAS a review of the docket in this matter reveals that whatever information Plaintiffs or counsel wish to communicate

to this Court has not been filed upon the docket in this action;[1] and

WHEREAS our Local Civil Rules make clear that all material to be considered by the Court and submitted by counsel registered to practice before this Court shall be submitted, in the first instance, by electronic filing on the District's CM/ECF system, see L. Civ. R. 5.2; and

WHEREAS this Court also requires courtesy copies be submitted to it "in paper form without a CD[,]" see L. Civ. R. 5.2; and

WHEREAS based upon receipt of the May 13 Disk and the absence of material filed upon the docket, on May 13, 2020, the Court contacted Thomas by telephone to inquire about the contents of the May 13 Disk; and

WHEREAS Thomas indicated the May 13 Disk contained PDF documents he was ordered to submit to this Court by another court;[2] and

---

[1] While the May 13 Disk does not necessarily reveal a relation to this action, the Court is aware of only one other matter pending before it involving Joshua Louis Thomas, Esq.  The Court assumes that the May 13 Disk contains information relevant to this action.  If the Court's assumption is incorrect, Plaintiffs or counsel shall so alert this Court in responding to this Order.

[2] To the extent the court ordering Thomas to make such a submission to this Court did so as a sanction or censure of some sort, Thomas is reminded of his obligations under Local Civil Rule 104.1(b)(1), which states that "[a]ny attorney admitted to practice before this Court shall, upon being subjected to public

WHEREAS Thomas was unable to recall the precise contents of the May 13 Disk and was unable to recall the judge or court that required him to make such a submission; and

WHEREAS without further explanation from Thomas, this Court cannot determine whether the material on the May 13 Disk may be relevant to this action, including the hearing scheduled for later this month; and

WHEREAS therefore, Thomas will be Ordered to, within five (5) days of this Order, (1) file the contents of the May 13 Disk on the docket in this action via CM/ECF; (2) identify and explain for this Court, by letter to be filed on the docket, the contents of the May 13 Disk; (3) identify the judge and court ordering him to make such a submission; (4) identify the matter, including by providing the docket number and court, in which the order was issued, and (5) provide and identify the order or other directive from a court requiring submission of the May 13 Disk; and

WHEREAS the Court also invites Thomas to submit any further explanation of this material that he deems appropriate; and

THEREFORE,

IT IS on this   14th   day of   May   , 2020

--------

discipline by any other court of the United States or the District of Columbia, or by a court of any state, territory, commonwealth or possession of the United States, promptly inform the Clerk of this Court of such action."

**ORDERED** that Thomas shall, within five (5) days of this Order, (1) file the contents of the May 13 Disk on the docket in this matter via CM/ECF; (2) identify and explain for this Court, by letter to be filed on the docket, the contents of the May 13 Disk; (3) identify the judge and court ordering him to make such a submission; (4) identify the matter, including by providing the docket number and court, in which the order was issued; and (5) provide and identify the order or other directive from a court requiring submission of the May 13 Disk; and it is further

**ORDERED** that the Clerk shall serve copies of this Order upon all Plaintiffs via regular mail.


                                        _s/ Noel L. Hillman_____
  At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.