## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

ANTHONY EDWARDS and MARVIN
MINNEY, JR.,

        Plaintiffs,

        v.

WELLS FARGO BANK NATIONAL
ASSOCIATION et al.,

        Defendants.

No. 1:19-cv-14409-NLH-SAK

**ORDER TO SHOW CAUSE**

---

**<u>HILLMAN</u>, District Judge**

WHEREAS on June 27, 2019, an initial complaint was filed in this action on behalf of Plaintiffs Anthony Edwards and Marvin Minney, Jr., by and through counsel Joshua Louis Thomas of Joshua L. Thomas & Associates (ECF No. 1); and

WHEREAS, on January 22, 2020, Mr. Edwards wrote this Court expressing that he had only recently learned of this action, that the filing of this action in his name "has not been approved[,]" that he had never met or spoken with Thomas, and that he never authorized Thomas to represent him in this action (ECF No. 6); and

WHEREAS, on January 29, 2020, this Court issued an Order to Show Cause for why the Court should not refer Mr. Thomas to "the

Chief Judge for consideration of the appropriateness of disciplinary action;" (ECF No. 7); and

WHEREAS, Mr. Thomas then filed a response to the Order to Show Cause on February 13, 2020 (ECF No. 8); and

WHEREAS, the Court held a hearing on the Order to Show Cause on July 7, 2021, which was attended by both Mr. Thomas and Mr. Edwards; and

WHEREAS, at that hearing, Mr. Edwards again informed the Court that he had never met Mr. Thomas prior to the hearing and had not retained him as counsel or given him permission to file this action in his name; and

WHEREAS, Mr. Thomas thereafter confirmed to the Court that he had never spoken with Mr. Edwards prior to filing this lawsuit, nor confirmed from Mr. Edwards directly that he wished to engage Mr. Thomas as his counsel or that he wished to file this action against Defendants; and

WHEREAS, the complaint in this action, filed and signed by Mr. Thomas, includes a significant number of factual assertions regarding actions allegedly taken by Mr. Edwards over the course of multiple years, despite Mr. Thomas's having admitted during the hearing on the Order to Show Cause that he had never spoken to Mr. Edwards prior to the filing of the complaint and Mr. Edwards's assertion to the Court that he had never taken many of the actions described in the complaint; and

2

WHEREAS, Federal Rule of Civil Procedure 11 states that "[b]y presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," and "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;" and

WHEREAS, Rule 11(c) further provides that if a court "determines that Rule 11(b) has been violated" after issuing an Order to Show Cause for why conduct has not violated Rule 11(b), the court may, on its own initiative, "impose an appropriate sanction on any attorney . . . that violated the rule or is responsible for the violation;" and

WHEREAS, Local Civil Rule 103.1(a) explains that "[t]he Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court shall govern the conduct of the members of the bar admitted to practice in this Court;" and

3

WHEREAS, Rule of Professional Conduct 3.1 provides that "[a] lawyer shall not bring or defend a proceeding, nor assert or controvert an issue therein unless the lawyer knows or reasonably believes that there is a basis in law and fact for doing so that is not frivolous;" and

WHEREAS, after hearing from both Mr. Edwards and Mr. Thomas, the Court has serious concerns regarding whether Mr. Thomas's conduct in filing the complaint in this action constituted a violation of both the Federal Rules of Civil Procedure and the Rules of Professional Conduct; and

WHEREAS, the Court, as stated in the hearing, has decided to grant Mr. Thomas one last opportunity to show cause for why he should not be sanctioned for his actions in filing this complaint on behalf of Mr. Edwards and putting forth factual assertions regarding Mr. Edwards's conduct, without having ever met or spoken with Mr. Edwards prior to the filing of the complaint, and further why Mr. Thomas's conduct should not be referred to the Chief Judge of this District and the appropriate attorney ethics offices in the State of New Jersey and the Commonwealth of Pennsylvania where Mr. Thomas is barred for such further disciplinary action as may be warranted;

THEREFORE,

IT IS HEREBY on this 8th day of July, 2021

4

ORDERED that counsel Joshua Thomas of Joshua L. Thomas & Associates shall show cause, within fourteen (14) days of this Order, as to why the Court should not sanction him for his actions in filing this action pursuant to Federal Rule of Civil Procedure 11 and refer the matter for further disciplinary action as set forth above.

/s Noel L. Hillman

At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.