UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY EDWARDS and MARVIN MINNEY, JR., <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK NATIONAL ASSOCIATION et al., <br><br> Defendants. | No. 1:19-cv-14409-NLH-SAK <br><br><br> **MEMORANDUM OPINION AND ORDER** |

**APPEARANCES**:

JOSHUA LOUIS THOMAS
JOSHUA L. THOMAS & ASSOCIATES
225 WILMINGTON WEST CHESTER PIKE
SUITE 200
CHADDS FORD, PA 19317

　*On behalf of Plaintiff Marvin Minney, Jr.*

**HILLMAN, District Judge**

　WHEREAS, on June 27, 2019, counsel Joshua Thomas ("Thomas") filed the Complaint in this action on behalf of Anthony Edwards and Marvin Minney, Jr., (ECF No. 1); and

　WHEREAS, summonses were issued and no further action was taken at that time; and

　WHEREAS, the Court put out a Notice of Call for Dismissal pursuant to Local Civil Rule 41.1(a) on December 9, 2019, (ECF No. 3); and

WHEREAS, on December 19, 2019, Thomas filed a motion seeking an extension of time to amend the Complaint and serve the defendants, (ECF No. 4), which was granted by the Court on December 31, 2019, (ECF No. 5); and

WHEREAS, on January 29, 2020, the Court received a letter from Plaintiff Anthony Edwards, (ECF No. 6), who accused Thomas of filing this matter without his consent or knowledge; and

WHEREAS, the Court issued an Order to Show Cause for Thomas to respond to this serious allegation and to show the Court "as to why this matter should not be referred to the Chief Judge for consideration as to the appropriateness of disciplinary action pursuant to Local Civil Rule 104.1(e)" for potentially violating various Rules of Professional Conduct, the Local Civil Rules, and other binding authorities, (ECF No. 7); and

WHEREAS, on February 13, 2021, Thomas filed a response (ECF No. 8), and the Court found it necessary to schedule a hearing to address this matter for March 17, 2020, (ECF No. 9), which was then delayed due to the onset of the COVID-19 pandemic where the Court had to delay non-emergency in-person proceedings; and

WHEREAS, the Court held a hearing on the Order to Show Cause on July 7, 2021, with both Thomas and Edwards in attendance, (ECF No. 29), and where Thomas conceded on the Record that Edwards had not hired him to bring this case and that in fact Thomas had never met Edwards prior to the Order to

Show Cause hearing on July 7, 2021, (ECF No. 38 at 23:22-23); and

WHEREAS, the Court noticed Thomas at both the hearing and in the Order issued on July 8, 2021 that the Court was contemplating sanctions under Rule 11 of the Federal Rules of Civil Procedure and the Rules of Professional Conduct and gave Thomas a second chance to Show Cause to the Court; and

WHEREAS, Thomas received two extensions and nearly two months of time to prepare his second response to the July 8, 2021 Order to Show Cause (ECF Nos. 30, 31, 32, 33, 34, 36, 37); and

WHEREAS, the Court found Thomas' explanations as to why this case was brought under Edwards' name were insufficient, (ECF No. 39); and

WHEREAS, the Court found that Thomas was not authorized by Edwards to bring this action, (ECF No. 39 at 34-35); and

WHEREAS, pursuant to the Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"), an attorney is required to certify that any pleading, written motion, or other paper presented to the court is not improper;[1] and

---

[1] "By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . . (1) it is not being presented for any improper purpose, such as to harass,

WHEREAS, Rule 11 is "intended to discourage the filing of frivolous, unsupported, or unreasonable claims," Leuallen v. Borough of Paulsboro, 180 F. Supp. 2d 615, 618 (D.N.J. 2002); and

WHEREAS, Rule 11 requires that there is a reasonable basis in fact and law for the claims made, Carlino v. Gloucester City High Sch., 57 F. Supp. 2d 1, 37 (D.N.J. 1999); and

WHEREAS, the Third Circuit has held that the "legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances," Ford Motor Co. v. Summit Motor Products, Inc., 930 F.2d 277, 289 (3d Cir.) (citations omitted), cert. denied, 502 U.S. 939, 112 (1991); and

WHEREAS, reasonableness in a Rule 11 inquiry is defined as "an objective knowledge of belief at the time of the filing of a challenged paper that the claim was well grounded in law and fact," id.; and

WHEREAS, bad faith is not required to find a Rule 11 violation, see Martin v. Brown, 63 F.3d 1252, 1264 (3d Cir. 1995); and

WHEREAS, the Court found that Thomas filed and pursued this lawsuit for improper purposes, violating Federal Rule of Civil

---

cause unnecessary delay, or needlessly increase the cost of litigation[.]"  Fed. R. Civ. P. 11(b)(1).

Procedure 11(b)(1), (among other violations) (ECF No. 39 at 20-21)[2] ("the Court is unable to conceive of any *proper* basis Thomas could have had for filing this Complaint") (emphasis in original); and

WHEREAS, with the Court finding a violation of Rule 11(b)(1), the case was brought improperly *ab initio*, without Edwards' knowledge or consent;

Accordingly,

IT IS on this   5th   day of January, 2023

ORDERED that the case be, and the same hereby is, DISMISSED WITH PREJUDICE; and further,

ORDERED that the Clerk shall mark this matter as CLOSED.

At Camden, New Jersey                    s/ Noel L. Hillman
                                         NOEL L. HILLMAN, U.S.D.J.

---

[2] The Court directs the reader to the January 5, 2023, (ECF No. 39), for a fulsome overview and analysis of Thomas' actions related to this matter.

5